Bartlett v. Feeney.

---

A. B. BARTLETT, *et al.*, v. MARY FEENEY.

1. ERROR *Must be Affirmatively Shown; Saving Testimony.* Where the record brought to the supreme court does not purport to contain all the evidence introduced on the trial in the court below, the supreme court cannot tell whether the findings and judgment of the court below are sustained by sufficient evidence or not.

2. ———— *Secondary Evidence.* For the same reason the supreme court cannot tell whether the court below erred in permitting a *certified copy* of a certain deed to be read in evidence by the plaintiff, as there may have been ample evidence introduced to show that the original was lost

| 11 | 593 |
| 40 | 753 |
| 11 | 593 |
| 42 | 366 |
| 11 | 593 |
| 44 | 479 |
| 11 | 593 |
| 45 | 414 |
| 11 | 593 |
| 71 | 737 |

or destroyed, or not belonging to or under the control of the plaintiff below.

3. SHERIFF'S DEED; *Prima Facie valid.* A sheriff's deed is *prima facie* valid, and is of itself *prima facie* evidence of the validity of everything preceding it necessary to its own validity.

4. ———— Where a sheriff's deed valid upon its face has been introduced in evidence by the plaintiff below, and where the court below has found in favor of its validity and has rendered judgment accordingly, and where the defendants below (plaintiffs in error) have introduced some evidence tending to invalidate said sheriff's deed, but have brought only a portion of the evidence to the supreme court, it will be presumed against the plaintiffs in error that there was sufficient evidence to sustain the deed, and to sustain the findings of the court below and the judgment thereon.

5. ERROR, *not Presumed.* Error is never presumed; it must always be shown; and if it is not affirmatively shown it will be presumed that no error has been committed.

6. CASE MADE; *Facts must be Stated in the Case, not in Certificate of Judge.* Where a judgment was rendered December 13th 1869, and leave given to make a case for the supreme court within twenty days thereafter; and where such case was not made until more than twenty days thereafter, and not until after the term of office of the judge who tried the cause had expired, and was then signed and settled by said judge, a fact not inserted in said case made, nor entered in the proceedings of the court, but merely certified to by said ex-judge at the time of making said case, will not be considered by the supreme court.

## *Error from Wyandotte District Court.*

EJECTMENT, brought by *Feeney* to recover the undivided one-sixth of 166.70 acres of land. Said tract of land was patented in 1859 to John D. Brown, a Wyandotte Indian. Said Brown and wife conveyed the whole tract to their six children, Hezekiah, Leander, *Eliza,* Rebecca, John and Lucinda. It appears from the recitals in the sheriff's deed offered in evidence in this case that Glick & Sharp, as plaintiffs, recovered a judgment in 1860 against said *Eliza* Brown and others, before a justice of the peace; that a transcript of said judgment was filed with the clerk of the district court; that an execution was issued on said judgment in November 1860 to the sheriff of Wyandotte county; that said sheriff by virtue of said execution levied on the interest of said Eliza

Brown in said tract of land; that said lands were duly appraised and advertised, but not then sold for want of bidders; that an *alias* execution was issued in January 1861, on which said sheriff again advertised said premises, but made no sale "for want of time;" that a *pluries* execution was issued, on which said sheriff again advertised said lands, and on the 19th of March 1861 "sold the same to *Mary Feeney* for $102;" that said sale was confirmed, and on the 9th of April 1862 said sheriff executed to said *Mary Feeney* a sheriff's deed conveying to her "the interest of said Eliza Brown, the same being the undivided one-sixth interest in the following described lands and tenements," etc. The description in the patent to John D. Brown, in the deed of said Brown and wife to their children, and in the sheriff's deed, is the same, and is conceded to be correct; but the return of the sheriff on the original writ of execution, in describing the lands levied upon, says, "commencing at the southwest corner of the *south*west quarter," etc., whereas in the patent and deeds it reads, "commencing at the southwest corner of the *north*west quarter," etc. The plaintiff *Feeney* claimed title under said sheriff's deed to said undivided one-sixth of said land. The defendants, (who claimed title in themselves to the whole of said 166.70 acres,) answered, filing a general denial. The action was tried at the December Term 1869 of the district court. On the trial the patent to John D. Brown, the deed from said Brown and wife to their children, and the sheriff's deed were given in evidence by the plaintiff. Copies of the writ of execution, and returns indorsed thereon were given in evidence by defendants. The record does not purport to contain all the evidence. The district court found in favor of the plaintiff, and gave judgment in her favor for the recovery of said one-sixth part of the lands described in the sheriff's deed. The defendants bring the case here on error.

*Bartlett & Hale,* and *W. B. Newman,* for plaintiffs in error:

1. A proceeding to divest title by a sheriff's sale is a special statutory authority, and all the requirements of the statute

must be strictly complied with: 4 Cranch, 403; 6 How., 14; 1 Minn., 427; 20 Barb., 148; 3 G. Greene, 387, 389; 2 Kas., 115, 128; 12 Iowa, 153.

2. The return of the sheriff should show that all the requirements of the statute have been complied with: 2 Mass., 154; 8 id., 284; 13 id., 483; 2 Caines, 373; 19 Vt., 451; 1 Ohio, 27; 2 Wall., 313; 11 Johns., 532; 2 Kas., 340; 3 Kas., 176, 281, 390.

3. A purchaser at sheriff's sale takes the property with notice of all defects in the proceedings: 3 How., 713; 6 id., 14; 12 Barb., 240. Especially when the judgment-creditor is the purchaser: 2 Blackf., 1; 2 Caines, 61; 2 Gilm., 152; 20 Ill., 266.

4. The defendants below could take advantage of any defect in the plaintiff's title: Code, §§ 459, 596; 13 Mass., 483; 51 Maine, 21.

5. The court permitted the plaintiff below to read and give in evidence a copy from the office of the register of deeds of Leavenworth county, purporting to be a conveyance of the premises (of which the said plaintiff claimed to be the owner) "of the undivided one-sixth part," executed by John D. Brown and wife to Eliza Brown and others. To have made the *record* evidence, the first step was to show the original was "lost, or not belonging to the plaintiff, nor within her control." Ch. 30, §§ 21, 25, 27, Laws 1859; 1 Greenl. Ev., §§ 349, 558.

6. The plaintiff below never acquired any title to the "one-sixth part" of the premises in question. All the proceedings in obtaining the judgment before Justice Kirkbride were *void*. The said justice never obtained jurisdiction of the *person* of Eliza Brown, and hence could render no valid judgment against her. The filing of a transcript of such judgment, the issue of the several executions thereon, and the sale of the sheriff, and in short all subsequent proceedings therein are illegal and void. Ch. 87, § 13, Laws of 1859; 2 Kas., 490; 16 Barb., 323; 7 Barb., 457. "The docket of a justice is evidence of nothing but what the law requires to

"be written down," and recorded. Laws of 1859, ch. 87, §§ 185, 186, 187; 1 Missouri, 484; 6 Cowen, 261. The only evidence on the trial of this action offered by plaintiff to show the service of process on the defendant, Eliza Brown, was a copy of the transcript of Justice Kirkbride. The original summons in the action was not produced, and no evidence given that one had ever been served, and as there was no appearance on the trial (as shown by the transcript) the justice never obtained jurisdiction of the defendant, and hence the judgment rendered by him is a mere nullity; and if, in fact, there had been a service of the summons according to the recital in the transcript, it was not according to the requirements of the statute, and consequently conferred no jurisdiction over the defendant Eliza Brown. Comp. Laws 1862, p. 617, § 13; 2 Kas., 490, 340; 7 Kas., 415, 139.

7. The first execution on the transcript of the judgment rendered by the justice was issued by the clerk of the district court of Wyandotte county, November 14th 1860. The only intimation of the filing of this transcript in the district court is the *recital* in the sheriff's deed and executions issued. This execution was received by the sheriff November 14th 1860, as appears by his *indorsement* thereon. There is also an indorsement thereon — "no goods." The sheriff returns, that "on the 7th of December 1860 he levied on the following described real estate, and afterward on the same day notified Eliza Brown that he had levied on the following described real estate, to-wit, the interest of the said Eliza Brown, in the following described real estate, the same being the undivided one-sixth interest, to-wit: commencing at the southwest corner of the *southwest* quarter of the southeast quarter of section 17," etc. On a pluries execution the sheriff returns that he advertised said premises to be sold on the 19th of March 1861, and that on that day he sold the premises, "*said lands and tenements,*" etc. "If lands, tenements, or stock in trade, levied on as aforesaid, are not sold upon one execution, other executions may be issued to sell the property *so levied upon.*" Code of 1859, § 454; Laws of 1859, p. 154. To warrant the sale of property

levied upon by a prior execution, upon an alias or pluries execution, it must be the *same* property first levied upon in point of time. In this case the property sold was not the property so levied upon, but property on which a levy and appraisement *had not been made;* and hence the sale was absolutely void — not a mere irregularity, but an error striking at the very foundation of the proceedings. Where the property of one is conferred upon another contrary to his will, and in derogation of the common law, all the provisions of law marked out to complete such transfer must be *strictly* followed. These are his muniments of title, and if one link in the chain of title is wanting it cannot be enforced in a court of law or equity. In this case the evidence is conclusive that the levy was made upon certain premises, and the sale made of others.

*Stillings & Fenlon,* and *C. S. Glick,* for defendant in error:

1. The land which the defendant in error sought to recover had for its initial point the *southwest* corner of the northwest quarter of southeast quarter of 17, 11, 25. All the recitations in the sheriff's deed show the land prayed for in the petition was duly levied on by sheriff; that due notice of the appraisement of *that* land was served upon the defendant in that case, Eliza Brown; that *that* land was duly appraised; that *that* land was duly advertised; and that *that* land was sold to plaintiff, Mary Feeney. The original papers being lost, the defendants below introduced in evidence what they call in the case made "copies of lost original papers in the case of Glick & Sharp against John D. Brown and Eliza Brown." These papers being in the hands of the defendants were introduced as their copies of original papers alleged to be lost, for the purpose of showing that the recitations in the sheriff's deed were not true, and to show that by the sheriff's return it appears that he levied on and gave notice of the appraisal of a tract of land whose initial point was different from that stated in the deed, thereby to establish that the land levied on and advertised to be sold was not the land deeded

to plaintiff below. The suspicious circumstance that the original executions *were lost*, that the defendants luckily had copies of the same and returns thereon, and that these returns contradicted the recitations of the deed, were sufficient to challenge the attention of the court and counsel; and when on this point to rebut their supposed copy of the advertisement, the plaintiff was enabled to and did produce the files of the paper in which the advertisement was made, and showed that the recitations of the deed were in accordance with the printed advertisement, it is not wonderful that the court below suspicioned the genuineness of the supposed copies and held that "the deed was sufficient evidence of the legality of such sale until the contrary be proved." Laws 1859, p. 153, § 450.

2. The plaintiffs in error claim that the judgment before the justice was void for want of jurisdiction of the person of Eliza Brown, asserting that the only evidence of service on Eliza Brown was the entry on the docket of the justice. Is there anything in the case made to show to this court that no other testimony was offered? There is nothing in the "case made" as presented to the judge which tends to show that the case made contained all the evidence in the case. The "case made" does not even pretend to do so. The trial judge's whole duty is performed when he signs *the case* as it is made and served; and he has no right to attempt by an extra-judicial certificate to allege the existence of a fact not claimed by counsel in preparing the case nor dreamed of by counsel for plaintiff below, when they declined to make suggestions of amendment. See 6 Kas., 133, 190, 399; 2 Kas., 352; 5 Kas., 311, 280, 569.

3. The court below *believed* the recitations of the deed to be true, and found generally in favor of the plaintiff. Like a jury trying a question of contested fact, there being evidence tending to establish the finding as it is, this court will not set aside such finding. All questions, both of law and fact, were submitted to the court without the intervention of a jury. No demand for a separate finding of facts and law

was made, and the judgment of the court below is conclusive as to the rights of the parties. 2 Kas., 338.

The opinion of the court was delivered by

VALENTINE, J.: In this action Mary Feeney recovered a judgment against the defendants below, plaintiffs in error, for the undivided one-sixth part of certain real estate situated in Wyandotte county. The record brought to this court is very informal, and shows but very imperfectly the various rulings of the court below. Several errors may have been committed; and the plaintiffs in error make fourteen assignments therefor, yet not one error is shown by the record brought to this court.

I. As the record does not purport to contain all the evidence introduced in the trial below, we cannot tell whether the findings and judgment of the court below are sustained by sufficient evidence or not.

II. For the same reason we cannot tell whether the court below erred in permitting a *certified copy* of a certain deed to be read in evidence by the plaintiff below, as there may have been ample evidence introduced to show that the original was lost, or destroyed, or not belonging to or under the control of the plaintiff below. (Laws of 1855, p. 182, § 46; Laws of 1859, p. 291, § 25; Comp. Laws of 1862, p. 356, § 25; Gen. Stat. of 1868, p. 188, § 27; Laws of 1870, p. 174, § 11; 1 Greenl. Ev., §§ 558, 349.) This deed purports to have been recorded November 20th 1858, in Leavenworth county. At that time this portion of Wyandotte county formed a part of Leavenworth county. (Laws of 1855, p. 209, § 27; Laws of 1859, p. 362, et seq.)

III. A sheriff's deed is *prima facie* valid, and is of itself *prima facie* evidence of the validity of everything preceding it, necessary for its own validity. (*Shields v. Miller*, 9 Kas., 390.) And unless it be shown affirmatively that the court had no jurisdiction to render the judgment upon which such a deed is founded, it will be presumed that the court had jurisdiction. In the present case it seems to be admitted

that the sheriff's deed in controversy was and is valid upon its face; that it showed upon its face everything necessary to be shown, and there was certainly nothing outside the sheriff's deed that tended to show that the court had no jurisdiction to render the judgment upon which said sheriff's deed was founded. Indeed, the evidence brought to this court tends very strongly to show that the court had such jurisdiction. Besides, the plaintiffs in error have not chosen to bring all the evidence to this court; and that not brought may have amply shown jurisdiction. Said sheriff's deed is also *prima facie* evidence that the transcript from the justice's judgment was properly filed in the office of the clerk of the district court.

IV. The defendants introduced some evidence tending to invalidate said sheriff's deed, but how much or how little evidence was introduced on the other side to sustain said sheriff's deed is not shown. Therefore the points attempted to be made against said sheriff's deed, and founded upon said evidence, are not in this case. As the defendants below have not chosen to bring all the evidence to this court it will be presumed against them that there was sufficient evidence to sustain the deed, and to sustain the findings, and the judgment of the court thereon. For instance, it appears in one of the executions introduced in evidence by the defendant that the sheriff in making his return, and in describing his levy used the word "southwest," instead of the word "northwest," thereby seeming to make a slight difference in the boundary of the land intended to be levied upon. But as the sheriff and the clerk in every other place used the proper word, it would seem that the sheriff used said word through mistake, and against the real facts in the case. It may have been shown on the trial that the sheriff levied upon the proper land, and that he simply used said word through mistake; and it may be that the sheriff was then and there allowed to amend his return in accordance with the facts.

V. It is not shown that the court below erred in permit-
39—11 KAS.

ting the plaintiff below to read in evidence the notice of the sheriff's sale as published in the "*Weekly Western Argus.*" Such evidence would have been competent and proper if the proper preliminary evidence had been introduced, and there is nothing in the record showing that the proper preliminary evidence was not introduced. It is not necessary to notice any of the other points in detail. But we would say generally, as we have said in many other cases, error is never presumed; it must always be shown; and if it is not affirmatively shown, it will be presumed that no error has been committed; and it can only be shown by the record of the proceedings of the court below.

VI. Where a judgment was rendered, as in this case, December 13th 1869, and leave given to make a case for the supreme court within twenty days thereafter, and where such case was not made until more than twenty days thereafter, and not until after the term of office of the judge who tried the cause had expired, and was then signed and settled by such judge, the statement of a fact which was not inserted in said case made, nor entered in the proceedings of the court, but which was merely certified to by said ex-judge at the time of making said case, will not be considered by the supreme court. See the following statutory provisions for making a case: Civil code, §§ 544 to 549; Laws of 1870, ch. 85. The judgment of the court below is affirmed.

All the Justices concurring.