### John Ford v. S. Pearson.

Error *to be Shown, Not Presumed.* The supreme court cannot presume error; but to entitle a party to a reversal of a judgment of the district court, he must affirmatively show that material error was committed.

#### *Error from Allen District Court.*

Ejectment, brought by *Pearson* against *Ford.* At the June Term, 1885, judgment was rendered for the plaintiff for the recovery of the land in controversy, and for $200 damages, and costs. The defendant brings the case here. The material facts are stated in the opinion.

*Johnson, Martin & Keeler,* for plaintiff in error.

*L. W. Keplinger,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of ejectment, brought by S. Pearson in the district court of Allen county, to recover from John Ford the east half of the southwest quarter of section thirty-four, in township twenty-five, range twenty, in Allen county, Kansas; and also for damages for its unlawful detention. In the second trial Pearson obtained a judgment for the recovery of the land, together with $200 as damages for the wrongful detention of the same. John Ford complains here that he was not given a second trial, such as is authorized by the statute in actions of this nature upon a mere demand. He asserts that after the first trial was had, and pending a second trial, Pearson applied for leave to amend his petition by striking out of the description "township thirty-five," and inserting in lieu thereof "township twenty-five," and that this application was granted over the objection of the defendant. He claims that the tract which was the subject of controversy in the second trial was a different one, and is situated sixty miles distant from the one involved in the original trial; and hence the refusal of his demand for a third, or what he would term a second trial, was error. The record does not justify his claim. The record discloses that the petition originally filed placed the land in controversy in township twenty-five, and not in township thirty-five. It is shown that after the first trial was had, the plaintiff asked and obtained leave to amend his petition by correcting the description; but the record does not state the correction that was made. No amended petition is embraced in the record, and the court in giving judgment on the second trial, adjudges that Pearson shall "have and recover of the defendant the real property mentioned in the petition," and the petition originally filed, as we have seen, described the land as a part of township twenty-five. The testimony on the first trial is not here, nor is there any statement in the record from which we can say that the first trial was concerning a tract of land in township thirty-five. We cannot presume error. Before the plaintiff in error is entitled

to a reversal, he must affirmatively show that material error was committed. (*Bartlett v. Feeney*, 11 Kas. 593; *Comm'rs of Brown Co. v. Roberts*, 22 id. 762; *Humphrey v. Collins*, 23 id. 549.) This he has not done, and from the pleadings and course of trial we think that the real controversy in both trials was concerning the same tract of land. The nature of the action was such that it must be brought in the county where the land is situated. Township twenty-five is situated in Allen county, where the action was brought, while township thirty-five is sixty miles further south, far beyond the limits of Allen county, and over which the court trying the case had no jurisdiction. In his answer the plaintiff in error admits that he is in possession of the land in controversy, and he did not amend his answer after the petition was amended. We think the plaintiff in error could not have been prejudiced by the amendment made; and there being no error shown, the judgment of the district court will be affirmed.

All the Justices concurring.