THE SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY V. ANDREW J. FRY *et ux.*

No. 14,225. (81 Pac. 462.)

SYLLABUS BY THE COURT.

STREET-RAILWAYS—*Injury to Infant—Petition Sufficient to Sustain Verdict.* In an action by the parents to recover damages for the death of a minor child, caused by being run over by a street-car, a petition that avers that the child came to his death by the defendant's employees' "carelessly, negligently, recklessly and wantonly running the car upon and over" the body of the child, instantly killing him, is sufficient in its allegations to sustain a verdict for damages, notwithstanding a special finding that the injury was not inflicted through the "reckless and wanton neglect of the defendant's employees in charge of the car."

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed July 7, 1905. Affirmed.

*Sapp & Brown,* for plaintiff in error.
*Sapp & Wilson,* for defendants in error.

Railway Co. v. Fry.

The opinion of the court was delivered by

GREENE, J.: The plaintiffs, as the parents of their minor child, Earnest Fry, brought this action against the Southwest Missouri Electric Railway Company to recover damages for his death, alleged to have been occasioned by the negligence of the defendant's employees in carelessly and negligently running one of its street-cars over the child. The plaintiffs recovered judgment, from which the defendant prosecutes error.

The defendants in error call our attention to the fact that the record does not disclose that all the evidence that was introduced upon the trial is preserved, and therefore they object to this court's considering any of the alleged errors involving an examination of the evidence. The record itself contains no statement that all the evidence is preserved. The certificate of the trial judge, however, states that all the evidence is contained in the case-made. The trial judge cannot make or supplement a case-made by his certificate. The only authority given him by statute is to certify that the case-made is a true one, and if the case-made does not show that it contains all the evidence the certificate of the trial judge is ineffectual to supplement it. (*Bartlett v. Feeney,* 11 Kan. 593, 602; *Brown v. Johnson,* 14 id. 377; *Eddy v. Weaver,* 37 id. 540, 15 Pac. 492.) The omission of the evidence from the record deprives this court of authority to examine any error involving a consideration of the evidence.

The only remaining contention arises on the insufficiency of the petition to authorize the court, in view of the special findings of the jury, to enter judgment for the plaintiffs. It is argued that the petition charges the defendant with having knowingly, wilfully and wantonly run over and killed the plaintiffs' child, while the jury found that the death was not caused by

47—71 KAN.

the knowing, wilful and wanton acts of the employees of the defendant. It is contended that under this finding judgment should have been rendered for the defendant. The averments of the petition are:

"(6) Plaintiffs aver that on the 28th day of January, A. D. 1903, the minor son of plaintiffs, as aforesaid, was lawfully crossing over Seventh street, in the city of Galena, Kan., at a point on said street where Wood street, one of the streets of said city, intersects with said Seventh street, when one of defendant's street-railway cars, to wit, No. 34, that was being carelessly, negligently, recklessly and wantonly run and operated along and over said Seventh street by defendant, struck and knocked the said Earnest Fry down, and defendant carelessly, negligently, recklessly and wantonly ran said car upon and over the body of plaintiffs' minor son, as aforesaid, instantly killing the said minor son of plaintiffs."

The petition averred that the injury was the result of the negligence of the defendant in operating its cars. If defendant was in doubt as to whether it was an action to recover damages for the careless and negligent management of the cars by the defendant's employees, or a charge that the killing was wantonly and cruelly inflicted, it could have ascertained such knowledge by a motion either to make the petition more definite and certain in this particular or by a motion to strike out. The petition was sufficient to admit evidence that the injury was the result of the negligent conduct of defendant's employees, and the finding of the jury sustained that charge.

The judgment of the court below is affirmed.

All the Justices concurring.