EDWARDS BROS. & FAIR V. PORTER & PORTER.

1. PRACTICE *in Supreme Court.* The defendants in error filed their motion in the supreme court asking to have the "case-made" returned to the district court for correction, so "that on page 58 of the case-made, and at the close of the pretended copy of the journal entry, there be stricken out and erased the words and figures written in pencil, and which are as follows, to wit, 'February 11, 1882.'" On an inspection of the "case-made," it is found that the words "February 11, 1882," are wholly immaterial for the purposes of the case; therefore, *held,* that the said words may be considered as stricken out, and the motion of the defendants in error will be overruled.

2. ERRONEOUS INSTRUCTIONS; *Judgment, When not Reversed.* The court below gave certain instructions to the jury which are erroneous in the

abstract, and would be erroneous in the concrete if the facts were such as they are claimed to be by the plaintiffs in error; but if the facts were such as they are claimed to be by the defendants in error, then the instructions would be immaterial, and the errors committed by the court in giving them would also be wholly immaterial. The jury found the facts to be such as they are claimed to be by the defendants in error, and the verdict of the jury under the evidence and pleadings seems to be correct. *Held*, That the judgment of the court below will not be reversed because of such erroneous instructions.

### *Error from Rice District Court.*

At the January Term, 1882, of the district court, J. A. Porter and R. B. Porter, partners as *Porter & Porter*, as plaintiffs, recovered a judgment against defendants W. C. Edwards, R. E. Edwards and D. J. Fair, partners as *Edwards Brothers & Fair*, who bring the case here. The nature of the action, and the facts, appear in the opinion.

*Bates & Robertson*, and *Whiteside & Campbell*, for plaintiffs in error.

*Clark & Clark*, and *J. H. Smith*, for defendants in error.

The opinion of the court was delivered by

Valentine, J.: The defendants in error file their motion in this court asking to have the "case-made" in this case returned to the district court for correction, so "that on page 58 of the case-made, and at the close of the pretended copy of the journal entry, there be stricken out and erased the words and figures written in pencil, and which are as follows, to wit, 'February 11, 1882.'" These words and figures which the defendants in error wish to have stricken out really amount to nothing. If they show anything, they merely show that the *time when* the motion for the new trial was overruled, and *when* judgment was rendered, and *when* sixty days were given within which to make a case for the supreme court, was "February 11, 1882." All this is elsewhere shown by the record brought to this court. The record shows that the case was tried on February 6, 1882; that the verdict of the jury was rendered on February 7, 1882;

that the motion for the new trial was filed on the same day, and that it was overruled and judgment rendered, and sixty days given within which to make a case for the supreme court, on February 11, 1882. The record in this respect reads as follows:

" Which motion for a new trial was, on February 11, 1882, at and during the said regular term of said court in Rice county, heard, argued, and overruled by the court; to which ruling the defendants then and there excepted, and were given sixty days from said February 11, 1882, to make and serve a case for the supreme court."

Afterward, but just when is not shown, the case was duly made for the supreme court, and was duly served upon the plaintiffs (the present defendants in error), and on May 23, 1882, the case was duly settled and signed by the judge of the district court, the judge certifying that the case had been "made and served in proper time;" and that the plaintiffs (the present defendants in error) had suggested amendments thereto, also in proper time. The words " Feb'y 11, 1882," where they occur on page 58 of the " case-made," being wholly immaterial, will be considered as stricken out, and the motion of the defendants in error (plaintiffs below) will be overruled.

The plaintiffs in error (who were defendants below) contend in this court that the court below committed error in giving the following instructions to the jury, to wit:

"This is an action on account, by plaintiffs against the defendants. The defendants deny the account, and plead a settlement. The burden of proving the account as charged, is on the plaintiffs; and the burden of proving a settlement is on the defendants.

"1. I instruct you, that if the evidence shows that plaintiffs had a settlement with defendants on November 14, 1879, which included the account for flour, meal, etc., that plaintiffs are bound by that settlement, *unless it was fraudulent,* and you cannot go behind it to consider any matter which was included in it which the plaintiffs have included in their bill of items, unless, as before stated, such settlement was fraudulent.

"2. The court instructs the jury that the settlement, if one was made, made on November 14, 1879, is conclusive between the parties, and that if the car-load of flour and meal, etc., was

included in it, that the plaintiffs cannot recover in this action therefor, unless such settlement was fraudulent.

"3. The court instructs the jury that if a man pays an obligation which he was in law not bound to pay, voluntarily, he cannot afterward recover back the money so paid. In other words, if Porter & Porter voluntarily paid the defendants the debts of A. T. Rogers and others according to a verbal promise to do so, they cannot recover back such payments, unless such payments were secured to be made through the fraud of the party to whom they were made.

"4. Any settlement in which usurious interest is counted is unlawful and fraudulent as to such usurious interest, and the party in the settlement against whom the usurious interest is counted is not bound by such settlement so far as such usurious interest is concerned; but this can only extend to the portion of interest that is usurious."

"1. If Porter & Porter did not agree in writing to pay the note of A. T. Rogers to defendants, and they did not voluntarily pay the interest thereon, defendants are not entitled to credit for it in this suit.

"2. If defendants collected or exacted of plaintiffs more than 12 per cent. per annum on the Rogers note, they are not entitled to credit for the extra amount over and above 12 per cent.

"3. If defendants obtained judgment in the district court on the Haybarker & Rogers note for legal interest, that is, 12 per cent., and the additional, the full amount of the principal of said note, and a decree of court subjecting plaintiff's property to the payment thereof, they are not entitled to credit in this suit for it.

"4. The jury is instructed that if the evidence shows that plaintiffs never agreed in writing to pay the note of Rogers & Huling to defendants, of $146.54, and never voluntarily paid it, then plaintiffs are not liable for it, and defendants cannot have credit for it in this suit.

"5. If the defendants received from plaintiffs on the Rogers & Huling note interest at a greater rate than 12 per cent. per annum, they are not entitled in this suit for the surplus amount so collected or received."

The first three of these instructions were given at the request of the defendants below, but with material modifications made by the court. The fourth instruction seems to

have been given upon the court's own motion; and the last five instructions were given at the request of the plaintiffs below. Some portions of these instructions we think are erroneous in the abstract; and if the facts were such as they are claimed to be by the defendants below (plaintiffs in error), they would also be erroneous in the concrete, and materially erroneous. But if the facts are such as they are claimed to be by the plaintiffs below (defendants in error), then we would think that no portion of the instructions is materially or substantially erroneous. About November 14, 1879, the plaintiffs and defendants had a settlement of their affairs, and in this settlement it was found that the plaintiffs below owed the defendants below $47.53. Thus far the facts are unquestioned, and are admitted by both parties. But the defendants below claim that the parties had a further settlement, and that other and additional items were included in such further settlement; and that by such inclusion of additional items, it was found that the defendants owed the plaintiffs $8.06. And this is all that the defendants are now willing to admit as being due to the plaintiffs below, or for which they could rightfully recover any judgment. The plaintiffs below, however, in fact recovered a judgment for $398.07. The items which the defendants below claim were included in this second or additional settlement, were as follows, in favor of the plaintiffs: One car-load of flour, chopped feed, and meal, furnished by the plaintiffs to the defendants, amounting to $376.68; and in favor of the defendants, two promissory notes, with interest, legal and illegal, due thereon — one of such notes due from Haybarker & Rogers to the defendants, and the other due from Rogers & Huling to the defendants, all of which notes and interest the defendants claim the plaintiffs agreed to pay, amounting to $321.06. The question with reference to this second or additional settlement was submitted to the jury, and the jury unquestionably found that there was no such settlement. If they had found that there was any such settlement as is claimed by the defendants below, they could not possibly have rendered a verdict

in favor of the plaintiffs below and against the defendants below, for a sum exceeding $51. But as we have before stated, the jury in fact rendered a verdict in favor of the plaintiffs and against the defendants, for the sum of $398.07. This verdict was rendered for the amount of the car-load of flour, chopped feed, and meal, with possibly some interest due thereon, and also for some other small items, such as cash, chopped feed, and boarding. Evidently nothing was allowed by the jury for the notes of Haybarker & Rogers and Rogers & Huling. Not only no usurious interest was allowed upon these notes, but no interest of any kind was allowed upon them, nor even any portion of the principal. Hence, all instructions of the court below with reference to usurious interest or fraud in connection therewith are wholly immaterial. Also all instructions with reference to the payment by the plaintiffs below to the defendants below of these notes, or any portion thereof, whether principal, legal interest, or usurious interest, are wholly immaterial. For as the jury evidently found, the plaintiffs did not pay these notes, either directly or indirectly, nor any interest thereon, and did not even agree to pay them, or any interest thereon, by allowing them to be charged to their account and credited to the defendants' account, upon such supposed second or additional settlement. With reference to this second or additional settlement, we think the verdict of the jury is correct. We do not believe that any such settlement was ever made.

After an examination of the entire case, it is our conclusion that no substantial error was committed by the court below; and therefore the judgment of the court below will be affirmed.

All the Justices concurring.