| 36 | 621 |
| 38 | 737 |

THE CITY OF FORT SCOTT V. MARGARET S. DEEDS.

1. CASE-MADE—*Alleged Errors, When not Reviewed.* Where proceedings in error are prosecuted in the supreme court upon a case-made, and there is no statement or showing in the case-made that the motion for a new trial was overruled, or that any judgment was ever rendered, the supreme court cannot consider and review the alleged errors of law occurring on the trial.

2. CASE-MADE, *When not Supplemented.* A case-made cannot be supplemented and completed by having added or attached thereto certified copies of the record of the district court not embodied therein, as a part of the same. (*Transportation Co. v. Palmer*, 19 Kas. 471.)

*Error from Bourbon District Court.*

THE opinion states the case. Judgment for plaintiff *Deeds,* at the September Term, 1885. The defendant city brings the case here.

*W. W. Martin,* city attorney, for plaintiff in error.

*B. J. Waters,* and *J. M. Limbocker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On March 10, 1886, Margaret S. Deeds fell upon a sidewalk in the city of Fort Scott, and was injured, and on May 5, 1886, she presented her claim to the city council of Fort Scott for $1,000, damages therefor. The city of Fort Scott settled and compromised her claim, and she executed the following writing:

"JUNE 28, 1885.—Received of W. W. Martin, city attorney, twenty-five dollars, payment in full for all damages caused by my falling on a sidewalk in said city of Fort Scott, Kansas, and breaking my arm, and otherwise injuring myself, on or about March 10, 1885.

MARGARET S. ⨉ DEEDS.
Her
mark.

"$25. Witness: F. J. NUTZ."

Subsequently she brought her action against the city of Fort Scott to recover the sum of one thousand dollars damages, on account of her injury. She alleged in her reply, and attempted

to prove, that the settlement and compromise were procured through fraud, misrepresentation, and undue influence. The jury returned a verdict in her favor for $975, being the amount she claimed, less the $25 already paid her. The city of Fort Scott attempts to bring the case here for review.

The proceedings in error are prosecuted in this court upon a case-made. No certified transcript of the record and proceedings has been filed. There is omitted from the case-made the order overruling the motion for a new trial, and the entry of the judgment. Upon the record a preliminary question is presented: this is, that as the record does not show that the motion for a new trial was overruled, or any judgment rendered, the grounds for the petition in error are untenable, and ought not be considered. The city of Fort Scott attempts to cure the omissions in the case-made, by presenting to this court a certified copy of the journal of the district court containing the order overruling the motion for a new trial, and the entry of the judgment. It appears that after the case-made was settled, signed and filed, an application was made to the trial judge for permission to amend the case-made by incorporating therein a copy of the journal. The district court denied the application.

Of course, in the absence of any judgment, or order overruling the motion for a new trial, and in the absence of any statement or showing in the case-made that the motion for a new trial was overruled, or that any judgment was rendered, there is nothing before us to present the errors complained of. It has always been decided by this court that a case-made cannot be supplemented or completed by having added or attached to it certified copies of the record of the district court, not embodied therein as a part of the same. ( *Transportation Co. v. Palmer,* 19 Kas. 471; *Parker v. Machine Co.,* 24 id. 31; *Building Association v. Beebe,* 24 id. 363.) Within these authorities, the district judge committed no error in refusing the application to amend the case-made, and we cannot consider as a part thereof the copy of the journal not incorporated therein at the time it was settled and signed.

Upon the record presented to us, the judgment of the district court must be affirmed.

All the Justices concurring.