## J. B. GRAHAM v. THOMAS SHAW.

1. CASE-MADE — *No Amendment, When.*  Neither the judge of the district court nor the supreme court can amend or add to a case-made for the supreme court after it has been settled, signed, and attested.

2. REPLEVIN — *Practice.*  To sustain a judgment in replevin in favor of an officer who claims the right of possession by virtue of a seizure in an attachment action, the proof should show his official character and the proceedings and process under which he acted and claims possession.

*Error from Russell District Court.*

REPLEVIN, by *Graham* against *Shaw.*  Trial by the court, at the September Term, 1886, and judgment for defendant. The plaintiff brings the case here.  The opinion states the facts.

*Allen C. Story,* and *H. G. Laing,* for plaintiff in error.

*W. G. Eastland,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action of replevin, brought by J. B. Graham against Thomas Shaw, for the recovery of nine sacks of wool, alleged to be worth $300.  The nature of the case and the rights of the parties thereto cannot well be determined from the record before us.  It seems that the sheep from which the wool was shorn were owned by G. Mills Graham and John Graham, partners as Graham Brothers, who were engaged in the live-stock business in Kansas.  It is said that they borrowed a large sum of money from J. B. Graham, which was used in conducting their business.  Subsequently John Graham died, and an administrator was appointed on the motion of his widow, and G. Mills Graham gave the required bond and continued the business of Graham Brothers, as the surviving partner.  Later, and while he was in Chicago, an action was commenced against him in the superior court of that place by J. B. Graham for the recovery

of the money loaned to Graham Brothers, and after a contest a judgment was obtained by J. B. Graham. This judgment was reviewed in the appellate court of Illinois, and affirmed. J. B. Graham then brought an action on that judgment in the circuit court of the United States for the district of Kansas, against G. Mills Graham as surviving partner of Graham Brothers, and the defendant in that action waived service of summons and empowered F. D. Mills as his attorney in fact to confess judgment for the amount claimed, and judgment was accordingly entered on the 18th day of December, 1885. An execution was then issued upon the judgment, under which, and on February 25, 1886, the goods and chattels of Graham Brothers were seized and sold. J. B. Graham purchased a flock of sheep at this sale, and the wool in controversy in this action was shorn from them. Subsequently, and on May 7, 1886, the judgment rendered in the United States circuit court for the district of Kansas was vacated on the motion of Mollie Graham, the widow of John Graham, deceased, and she was permitted to answer; but it is stated in the argument that in September, 1886, a demurrer was sustained to her answer and the judgment restored, and that the purchase-price of the sheep sold at the judicial sale was credited thereon and execution issued for the balance. What lien, interest or right of possession Thomas Shaw has in the property, if any, is not disclosed by the record. The argument is made on the theory that the wool was seized by Shaw, as constable, in an attachment action in which Mary Rice was plaintiff and G. Mills Graham, surviving partner of Graham Brothers, was defendant, and Shaw sought to show in this action that the Illinois and Kansas judgments in favor of J. B. Graham were collusively and fraudulently obtained, and that therefore the purchaser at the judicial sale acquired no title to the sheep which he bought or the wool shorn from them. The record, however, does not show the nature of the claim of Mary Rice, nor when it accrued, nor whether she was in a position to contest the validity of either the Illinois or the Kansas judgments.

It is shown that the Kansas judgment was vacated for a time on the motion of Mollie Graham, but the grounds for the motion are not stated, nor does it appear that she had any standing in court to question the judgment. The property in question, however, was purchased by J. B. Graham before the judgment was vacated, and he was in possession of the same; but just how Thomas Shaw obtained possession of it we can only surmise from the argument. No writ of attachment nor any of the proceedings in the Rice case were either alleged in the pleadings or introduced in evidence in this action. Shaw was not examined as a witness, and there was no competent testimony to show that he had any claim in or right to the possession of the property in controversy. Notwithstanding this, judgment was rendered in favor of Shaw, and Graham contends here that the findings and judgment of the court are not sustained by the evidence. The judgment cannot be upheld. The defendant in error realizes the insufficiency of the testimony written in the record, and when the case was submitted asked to amend and change the case-made brought to this court so that it will show the official character of.Shaw, and that he took and held the property in controversy by virtue of a writ of attachment regularly issued in an action in favor of Mary Rice against G. Mills Graham, surviving partner of Graham Brothers. We are asked to consider a certified statement to that effect, made by the judge of the district court long after the case brought to this court had been made, settled, and signed. It is well settled that neither the district judge nor the supreme court can amend, change or add to a case-made after it has been settled, signed, and attested. When the judge of the district court "has certified the case-made, it passes beyond his control, and cannot thereafter be amended, altered or changed by any order of his." (*Lewis v. Linscott,* 37 Kas. 386.) After it has been brought to the supreme court —

"Such case-made cannot be amended or supplemented in this court by inserting anything therein or attaching anything thereto which did not belong to the case-made and constitute

a part thereof when it was originally settled and signed by the judge and attested by the clerk of the court below." (*Snavely v. Buggy Co.*, 36 Kas. 106.)

Also, see *City of Fort Scott v. Deeds*, 36 Kas. 621; *Transportation Co. v. Palmer*, 19 id. 471; *Parker v. Machine Co.*, 24 id. 31; *Building Ass'n v. Beebe*, 24 id. 363.

As the record cannot be amended, and as the testimony contained therein is insufficient to sustain the judgment, it follows that the judgment must be reversed, and a new trial granted.

All the Justices concurring.