JOSEPH HILL V. THE FIRST NATIONAL BANK OF BE-
LOIT, KANSAS.

1. CASE-MADE — *Order to Settle* — *Discretion of Court.* An order fixing
the time when a case-made shall be settled and signed should be
observed, and the party making a case who ignores such an order
does so at the peril of a refusal to settle and sign the case at a later
time; but, notwithstanding the order may have been so disregarded,
it is within the power of the court or judge to thereafter and upon
reasonable notice settle and sign the case.

2. ALL THE EVIDENCE — *Case-Made to Show.* In order to have the ques-
tion whether the evidence supports the findings and judgment ex-
amined, the case-made should show that it contains all the evidence.
A statement to that effect in the certificate of the district judge
settling the case, is insufficient. (*Eddy v. Weaver*, 37 Kas. 540.)

3. ——— *When not Considered.* When a case-made has been ma-
terially changed long after it was settled and signed by the judge,
and attested and filed by the clerk of the district court, and its verity
thereby destroyed, it is not entitled to consideration in a proceed-
ing in error.

*Error from Mitchell District Court.*

ACTION brought by *The First National Bank* of Beloit,
against *Joseph Hill,* to enjoin the defendant from erecting a
partition across the head of a stairway of a certain building,
the property of said Hill, and situated on lot 12, block 12, of
the city of Beloit. Judgment for plaintiff, at the January
term, 1887. The defendant brings the case here. The opin-
ion states the facts.

*A. W. Hicks,* and *J. H. Antrobus,* for plaintiff in error.

*A. H. Ellis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The parties to this proceeding own adjoin-
ing lots on which buildings have been erected that are united
by a party wall. By agreement of the parties, a common
stairway was to be erected between the buildings, which was
to serve as an entrance from the street to the second stories

of both buildings. A dispute arose between them as to the rights and liabilities of each in respect to the stairway and landing, and the bank brought an action to settle this dispute, and to enjoin Hill from obstructing the bank in the reasonable use of the stairway and landing which have been erected. The action was tried by the court at the January term, 1887, when a decree was rendered in favor of the bank; and Hill, as plaintiff in error, asks for a review and reversal.

It is now insisted by the defendant in error that nothing is presented by the record for our determination. Attached to the petition in error is a case-made, which it is argued should not be considered, because it was not settled and signed at the time fixed by the court. When the decree was given; time was asked in which to make a case for the supreme court, and the court granted the application and fixed the time when the case should be made and served, also the time within which amendments should be suggested; and further ordered that the case should be settled and signed on the first day of the succeeding term of court. The case was made and served and the amendments suggested within the prescribed times, but was not presented for settling and signing on the day set for that purpose. When it was presented, counsel for defendant in error objected to the jurisdiction of the court, claiming that Hill, having procured an order fixing the time of settlement, is bound by the terms of the order. The court, for reasons which it deemed sufficient, extended the time for settling and signing the case, but required that five days' notice should be given to the opposing party. This was done, and in pursuance of that notice the case was settled and signed, both parties being present, although counsel for defendant in error still insisted that the plaintiff in error had forfeited his right to have the case settled and signed.

It was certainly within the power of the court to settle and sign the case, although the time first fixed by its order had expired. When the case is not made and served within the prescribed time, and no extension of time has been granted, the court is without power to act, (*Life Insurance Co. v. Koons,*

26 Kas. 215;) but this ruling is based on the ground that the statute limits the time within which a case must be made and served. No such limitation exists with respect to settling and signing a case, and hence the court may postpone such action and cause it to be done upon reasonable notice at a later time. (*Hammerslough v. Hackett*, 30 Kas. 57.) A very different question would arise if the court had declined to settle and sign the case. An order of the court fixing the time for such action, or providing that it should be done upon certain notice to be given by either party, should not be disregarded. If the party making the case ignores the order, he does so at the peril of the refusal of the court to settle and ·sign at a later date. If he disregards the order, or without sufficient excuse fails to present his case at the proper time, and the court should decline to grant him another opportunity, he would hardly be in a position to compel the court to settle and sign the case at a later time. Of the power of the court, however, to grant another opportunity, there can be no question; and having done so in this instance, and settled and signed the case upon proper and sufficient notice, this objection of the plaintiff in error must be overruled.

Upon the record presented it is alleged that the judgment and decree of the court is not sustained by the evidence. This question is not before us, for the reason that it is not shown that all the evidence offered on the trial is included in the record. Such a statement is found in the certificate of the case-made, but it has been repeatedly held that this is not sufficient.

"Where a case is made and settled for the supreme court, and the party making it desires that it should be shown that the case contains all the evidence that was introduced on the trial, a statement to that effect should be inserted in the case itself, and not in the certificate of the judge who settles the case." (*Eddy v. Weaver*, 37 Kas. 540; *Rld. Co. v. Grimes*, 38 id. 241; *Bartlett v. Feeney*, 11 id. 594; *Brown v. Johnson*, 14 id. 377; *Insurance Co. v. Hogue*, 41 id. 524; same case, 21 Pac. Rep. 641.)

For a like reason we are precluded from examining the

question as to whether the pleadings support the judgment, although there is little if any contention that they do not. The record shows that the plaintiff in error concedes that when the case was settled and signed it did not include all the plaintiff's petition. A very important part of the same, namely, a copy of the deed upon which the bank largely rested its claim, was lacking. More than six months after the case had been settled and signed by the judge and attested and filed by the clerk, the case-made was opened, and what purports to be a copy of the deed has been inserted and attached to the petition of the plaintiff. Counsel for the plaintiff in error say that at the time the case was prepared the exhibit in some manner became detached from the petition and could not be found by the clerk, and was therefore not copied; but having since found the exhibit, it has been copied and attached to the record. There was no authority for nor propriety in that action. While it seems to have been thought that no wrong could be committed in adding the exhibit to the case-made, yet when it was settled, signed, and attested, it was as sacred, and should have been as carefully protected from alteration or mutilation, as any record in the office of the district clerk. After that time the judge of the district court even is powerless to amend or change the case-made, and much less has any other officer of the court, or a party to the action, or anyone else, the right or authority to alter or add to such record. It has been decided that "neither the judge of the district court, nor the supreme court, can amend or add to a case-made for the supreme court after it has been settled, signed, and attested." (*Graham v. Shaw*, 38 Kas. 734.) It is admitted that the case-made has been materially changed since it was attested and filed, and, not being the case which was settled and signed by the judge, it is not entitled to consideration.

The judgment will be affirmed.

All the Justices concurring.