THE NORTH SIDE TOWN COMPANY v. EDWARD S. RIT-TENHOUSE.

REVIEW—*Insufficient Record.* Assignments of error, based upon the ground that the findings and judgment of the district court are not supported by the evidence, cannot be considered by the supreme court, unless the record shows that it contains all the evidence. The certificate of the judge to that effect is not sufficient.

*Error from Cowley District Court.*

THE opinion states the case.

*Madden & Buckman*, for plaintiff in error:

The plaintiff in error claims material error in the rulings, proceedings and judgment of the court below in the trial of

said case and in the overruling of plaintiff's motion for a new trial, as well as the motion to open up the judgment, and therefore asks a reversal of the judgment rendered by the court below. That the evidence fairly establishes each and every allegation of defense of this plaintiff in error to the action of Rittenhouse, is quite apparent from an examination thereof. And for purposes of our suggestions we shall assume, and justly too, we think, that the evidence sustains and establishes every ground of defense. It is true, perhaps, that in the testimony of F. H. Greer there is some contradiction as to the time of his delivering the deed to Rizor; but we apprehend an examination of all the evidence, viewed in the light of the position in which Greer was placed, will mollify and harmonize his testimony with the evidence in the case. Assuming, then, that there is practically no material contradiction in the evidence, we are led to conclude that in the rulings of the court below, and the judment rendered therein, there is material error and gross injustice.

*Hackney, Shartel & Brown,* for defendant in error:

The case-made nowhere shows that it contains all the evidence, either presumptively or affirmatively. The only statement to that effect is found in the certificate of the judge, and the questions presented for review by counsel for plaintiff in error involves a consideration of all the evidence. If the case were properly here, and the court had otherwise full jurisdiction, it would be impossible to consider the questions raised for that reason. *Eddy v. Weaver,* 37 Kas. 540; *Insurance Co. v. Hogue,* 41 id. 524; *The State, ex rel., v. Comm'rs of Harper Co.,* 43 id. 195; *Ryan v. Madden,* 46 id. 247; *Newby v. Myers,* 44 id. 477.

Opinion by GREEN, C.: It is contended in this case that the findings and judgment of the district court are not supported by the evidence; and it is urged that there was error in the findings and decision of the court in relation to what the evidence fairly established. The defendant in error ob-

jects to the consideration of these assignments of error, upon the ground that the case-made does not show that it contains all of the evidence; that the only statement to that effect is found in the certificate of the judge; and the questions presented for review involve a consideration of the evidence, and that we cannot therefore examine the questions raised by counsel for the plaintiff in error.

It does not appear from an inspection of the record that all of the evidence is here. It is true that the certificate of the district judge states that it contains all of the evidence, but this is not sufficient. (*Hill v. National Bank*, 42 Kas. 364, and authorities there cited.) We cannot, therefore, review the questions presented by counsel for plaintiff in error.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.