I. F. CROSBY v. W. P. WILSON, *as Sheriff of Labette County.*

1. INSTRUCTIONS—*Insufficient Exception.* A general exception to an entire charge of a court, where any portion of the same is correctly given, is insufficient. (*The State v. Wilgus,* 32 Kas. 126.)

2. CASE-MADE—*Evidence—Certificate.* In order to preserve in a case-made all the evidence introduced upon the trial, a statement to that effect should be inserted in the case itself, and not in the certificate of the trial judge. (*Eddy v. Weaver,* 37 Kas. 540.)

*Error from Labette District Court.*

ACTION by *Crosby* against *Wilson,* as sheriff of Labette county. Judgment for defendant. The plaintiff comes to this court. The opinion herein, filed June 9, 1894, states the facts.

*F. M. Smith,* for plaintiff in error.

*Leroy Neale & Son,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In June, 1888, Mrs. G. A. Whitford obtained a personal judgment against A. B. Crosby and Jennie H. Crosby, his wife, for $2,236.66. Execution was issued upon this judgment, and W. P. Wilson, as sheriff of Labette county, levied upon certain colts, horses, and mules, of the value of $1,210. I. F. Crosby, the brother of A. B. Crosby, on August 5, 1887, commenced his action against the sheriff to recover possession of the property, claiming special ownership as mortgagee. Trial before the court with a jury. A verdict was rendered in favor of the defendant and against the plaintiff. Judgment was entered thereon, and the plaintiff excepted.

The principal complaint concerns the instructions given by the trial court. The plaintiff did not save any proper exceptions to the instructions. They cover five typewritten pages. The exception was taken in the following language: "To all

of which instructions the plaintiff excepts." This exception, being a general one, is insufficient. (*Bard v. Elston*, 31 Kas. 274; *The State v. Wilgus*, 32 id. 126.)

The further complaint is that the verdict was not supported by sufficient evidence. It is doubtful whether the record is in a condition for this court to examine the evidence. The case-made states:

"The foregoing contains a true and correct statement of all the pleadings, motions, orders, evidence, findings and proceedings upon which judgment was rendered, except suggested amendments."

Immediately following this recitation is the signature of the trial judge to the certificate of settlement, which is duly attested by the clerk of the court with the seal thereof. The suggested amendments are not attached to the case-made as an exhibit. This court cannot add to a case-made after it has been settled, signed, or attested. (*Graham v. Shaw*, 38 Kas. 734.) The validity of a skeleton case-made is governed by the same rule as a skeleton bill of exceptions. (*W. U. Telegraph Co. v. Rich*, 19 Kas. 517.) Where a party desires that the case-made shall show that it contains all the evidence introduced on the trial, a statement to that effect should be inserted in the case itself, and not in the certificate of the judge who settles the case. (*Eddy v. Weaver*, 37 Kas. 540.) Under these circumstances, we cannot say from the record itself that all the evidence is preserved. The examination, however, which we have made of the evidence contained in the record, while not very satisfactory, lends some support to the verdict. The judgment will be affirmed.

All the Justices concurring.