## WILLIAM HARDWICK v. H. RUTTER.
### No. 139.

1. BILL OF PARTICULARS — *sufficient to challenge judicial. attention.* A bill of particulars which says: "William Hardwick debtor to H. Rutter, for loss of cattle by Texas fever and damages to pasture, three hundred dollars," is sufficient to challenge a judicial examination by the justice, and it is not error for the district court to allow such a bill of particulars to be amended in a case which has been appealed to said court.

2. RECORD — *defective, court cannot hold evidence insufficient.* When certain exhibits which were introduced in evidence are not contained in the record, we cannot say that the evidence is not sufficient to sustain the verdict.

Error from Greenwood District Court. Hon. C. A. Leland, Judge. Opinion filed June 9, 1897. *Affirmed.*

*Clogston & Fuller,* for plaintiff in error.

*R. P. Kelley,* for defendant in error.

DENNISON, P. J. This action was originally begun in justice court by H. Rutter as plaintiff against William Hardwick as defendant, by the filing of the following bill of particulars :

"WM. HARDWICK, *Dr. to* H. RUTTER.

"For loss of cattle by Texas fever and damage to pasture, three hundred dollars."

The defendant below filed a motion to dismiss the action for the reason that no proper bill of particulars had been filed. The justice overruled the motion and the case proceeded to trial and judgment was rendered against the defendant below for $112 and costs, and he appealed the case to the District Court of Greenwood County, Kansas, when the motion to dismiss upon the same grounds set forth in the justice court was renewed. The motion to dismiss was by the court sustained, and before an order of dismissal was made, plaintiff below was permitted to file an amended

HARDWICK v. RUTTER.                 693

June 9, 1897.        Opinion.   Dennison, P. J.        C. Div.

bill of particulars. Judgment was rendered against Hardwick and he brings the case here for review.

The plaintiff in error contends that the bill of particulars filed before the justice of the peace is not sufficient to challenge a judicial examination by the court, and is, for that reason, not subject to amendment. After a careful examination of the statutes and the decisions of our Supreme Court, we are satisfied that the court properly permitted the bill of particulars to be amended.

The amended bill of particulars alleges, that the defendant below placed upon the open range and in plaintiff's pasture about 395 head of wild and undomesticated cattle, which were infected with, and liable to impart and communicate, Texas, splenic or Spanish fever, all of which said defendant below had reason to and did well know; also that the cattle of plaintiff below became infected with said disease from the cattle of said defendant, and six cows and heifers died and others became sick with said disease, thereby greatly lessening their value, all to the damage of plaintiff below in the sum of three hundred dollars.

The plaintiff in error contends that there is no allegation in the bill of particulars, and the record contains no evidence, that these cattle were diseased or liable to impart the disease, and if they were, that there was no evidence that he had any knowledge of such facts. The amended bill of particulars certainly contains sufficient allegations. Exhibits "A" and " B," which the record on pages six and seven shows were introduced in evidence, do not appear in the record. We cannot tell what they contained and cannot therefore say that the evidence is not sufficient to sustain the verdict.

The judgment of the District Court is affirmed.