THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN v. OLEVA FURMAN.

(Filed February 18, 1898.)

1. CASE-MADE—*Amendment* Neither this court nor the trial court or judge has the power to amend a case-made after it has been settled and signed by said judge and attested by the clerk of his court.

2. RECORD—*What Constitutes*. The evidence constitutes no part of the record of a case, hence, testimony omitted from a case-made cannot be presented to this court on a suggestion of a diminution of the record, followed by a proceeding in the nature of *certiorari* to bring up all omitted matters of record in said case.

3. EVIDENCE—*Sufficiency of.* This court will not reverse a judgment upon the ground that it is not supported by sufficient evidence, when the record filed herein does not purport to contain all of the evidence introduced at the trial of the cause.

4. ERROR—*Presumption.* "Error is never presumed; it must always be shown; and if it is not affirmatively shown it will be presumed that no error has been committed." (*Bartlett v. Feeney*, 11 Kan. 594.)

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Frank Dale, District Judge.*

*Cotteral & Hornor, Williams & Hale* and *R. A..Lowry,* for plaintiffs in error.

*King & Hutto* and *J. S. Workman,* for defendant in error.

This action was brought by defendant in error, as plaintiff, against plaintiff in error, (defendant below,) for $2,000, with interest thereon at the rate of 7 per cent. per annum from September 20, 1896, alleged to be due her as the beneficiary in an insurance policy taken out in defendant corporation by Fred M. Furman, her husband, who died on the 22nd day of August, 1896. A jury was waived by both parties and the case tried to the court, which resulted in a judgment for plaintiff, on the 26th day of April, 1897, for the sum of $2,088. Defendant brings error. Affirmed.

Opinion of the court by

KEATON, J.: The principal question to be determined in this case is one of practice, to-wit: whether or not a case-made for this court can be amended, by incorporating therein additional testimony, after it has been settled, signed and certified by the judge of the district court and attested by the clerk of said court. The material facts presenting this question are as follows:

The original case-made prepared by Williams & Hale, attorneys for defendant below, was served upon counsel for plaintiff below on August 24, 1897, and was settled and signed by the trial judge and attested by the clerk of the district court on the 16th day of September, 1897. Said case-made as settled and signed did not contain the

constitution and by-laws of defendant, although it appears both from the answer of defendants and the transcript of testimony contained in said case-made, as originally prepared, that said constitution and by-laws were, in fact, made an exhibit to defendants' said answer and introduced in evidence in its behalf at the trial.  As appears from the endorsements on the back thereof, said original case-made was filed in the office of the clerk of the district court on the same date that it was settled, signed and attested, to-wit: September 16, 1897, and on October 25, 1897, was filed in this court.  On November 6, 1897, Messrs. Cotteral & Horner, who, it appears, were retained as associate counsel for plaintiff in error after the cause reached this court, upon proper application made thereto, obtained leave of said court to withdraw, temporarily, from the files of this court, said case made for the purpose of procuring the trial judge to make certain corrections therein and amendments thereto.  On November 29, 1897, said counsel for plaintiff in error served notice upon counsel for defendant in error that they would, on the 6th day of December, 1897, apply to the Hon. Frank Dale, who, as district judge, tried said case, for the purpose of having him amend the case-made by attaching thereto and incorporating therein said constitution and by-laws of plaintiff in error, and on said last mentioned date the said district judge did attempt to amend said case-made, by ataching thereto and incorporating therein said constitution and by-laws, after which and on the same date the said district judge attached another certificate to said case-made showing the fact of such amendment made thereto, which certificate was attested by the clerk of said court and the case-made

as amended was re-filed by said clerk on December 17, 1897, but there is no evidence of its ever having been re-filed in this court. However, on December 27, 1897, counsel for defendant in error filed in this court their motion, supported by affidavits, to strike out the amendments, or attempted amendments, to said case-made and requesting that we do not consider them in deciding the cause.

The question thus presented is elaborately and, we are pleased to say, exceptionally well briefed by counsel for both parties, thus materially aiding us in arriving at a correct conclusion thereon. It is earnestly insisted by counsel for plaintiff in error that the district judge, upon proper application made to him and notice to the adverse party, had the power to amend the case-made by adding thereto and incorporating therein the evidence originally omitted therefrom by inadvertence and thus make it speak the truth, and that the motion filed on behalf of defendant in error to strike out said amendment should be overruled.

The importance to plaintiff in error of having said constitution and by-laws, (which are sought to be made a part of the case-made by amendment,) considered by us in determining the case upon its merits, is at once apparent upon an examination of the record. In fact, they constitute the principal, if not the only, defense relied upon by counsel for plaintiff in error in their original brief filed herein. In support of their contention that the trial judge had the power to amend the case-made in the manner attempted herein, said counsel cite 3 Enc., Plead. & Pr., 903, where it is said that "where the case as settled is defective, the party aggrieved thereby may move before the trial judge for a re-settlement," and also,

*ibid* 905, where it is said, "a case must be complete when signed, and the trial judge has no power thereafter to amend or alter it *ex parte.* An application to amend must be made on notice to the adverse party."

Counsel also rely upon the authorities cited in the notes as supporting the foregoing statements of the text, which are principally New York cases as to the former and Kansas cases as to the latter. (See note 2, p. 903 and notes 2 and 3, p. 905.)

Many of the New York cases so cited are decisions of the inferior courts of that state and are not accessible to us but, from an examination of the two decisions, by the highest court of said state, in the case of *New York Rubber Co. v. Rothery,* 112 N. Y. 592, 20 N. E. 546, and 119 N. Y. 633, 23 N. E. 529, we are convinced that the rule in New York is correctly stated in the text. It is also evident that the New York statutes upon the question of settling and signing case-made are materially different from ours. Under the former, it appears that the party desiring to appeal prepares a case-made, serves it on the adverse party, or his attorney, to enable him to suggest amendments thereto, and thereafter presents same to the trial court or judge to be settled and signed, all substantially in the same manner and form as required under our practice. Then if either party feels aggrieved at any of the rulings of said court or judge in allowing or rejecting amendments to said case-made, or in any manner adding anything thereto or striking anything therefrom, at or prior to the time the same is settled and signed, he has the right to move for a re-settlement thereof and to make a showing in support of such motion, and an order denying said motion "is appealable where a substantial right of the

applicant is affected thereby." (*New York Rubber Co. v. Rothery, supra.*)   In other words, under the New York practice, the rulings of a trial court or judge in determining what shall and what shall not be contained in a case-made, are not final but such court or judge may be applied to by a proper motion to review and correct any or all of said rulings, and after this motion has been disposed of, if either party still feels aggrieved, the controverted question may be appealed to the higher courts for final decision.   In the meantime, it appears, the entire record for appeal in the original cause remains on file in the trial court.

The second statement hereinbefore quoted from said text is not, in our opinion, supported by the Kansas cases cited thereunder; especially is this so if it is intended, as is clearly indicated by the language used, that the converse of the rule there laid down is also correct, that is, that the trial judge, after having once settled and signed a case-made and his signature has been attested by the clerk, has the power to amend or alter same when the application therefor is "made on notice to the adverse party."

The first case cited as supporting this rule is that of *Transportation Co. v. Palmer*, 19 Kan. 471, wherein it is held simply that "a case-made cannot be supplemented and perfected in this court by attaching thereto copies of the pleadings and other proceedings of the district court neither referred to nor incorporated in the case-made." The second case so cited is that of *Crosby v. Wilson*, 53 Kan. 565, 36 Pac. 985, and the only propositions, relating to the case-made, decided therein is that "in order to preserve in a case-made all the evidence introduced upon the

trial, a statement to that effect should be inserted in the case itself and not in the certificate of the trial judge," and that "this court cannot add to a case-made after it has been settled, signed and attested."

The next case so cited is *Lewis v. Linscot*, 37 Kan. 379, 15 Pac. 158, and decides squarely that "when a case-made for this court has been signed and certified by the judge of the district court who tried the case, it has passed beyond his control and cannot thereafter be amended, altered, or changed by any order he may make."

The next is that of *Graham v. Shaw*, 38 Kan. 734, 17 Pac. 332, which also decides that, "neither the judge of the district court nor the supreme court can amend or add to a case-made for the supreme court after it has been settled, signed, and attested."

An examination of the case next cited, to-wit: *Bartlett v. Feeney*, 11 Kan. 593, discloses that neither the proposition under consideration nor anything similar thereto was raised or discussed in the case.

The next and last case cited in said notes, to-wit: *Wilson v. Janes*, 29 Kan. 233, when considered alone and apart from the other Kansas cases, seems to support the rule announced in the text. Special attention is also called to this case by counsel for plaintiff in error. In delivering the opinion of the court therein, Judge Valentine says, in part:

"At the time this case was presented to the judge of the district court for settlement, counsel for the plaint᷈ as well as counsel for the defendant, appeared, and counsel for the plaintiff suggested as an amendment to the case-made that these findings be stricken therefrom, and objected to the incorporation of the findings in the case-made, and this upon the ground, among others, that

the findings had not been reduced to writing during the term of the court; and the suggestion and objection were argued before the judge by counsel for both parties, and the judge refused to strike out these findings, and took further time for the settlement and signing of the case. Afterwards the judge settled and signed the case, and handed it to counsel for the defendant. The judge had inadvertently omitted one important fact from the findings, and also from the case-made. The counsel for the defendant presented the case to one of the counsel for the plaintiff, and asked him to consent to the insertion of such fact; but counsel for plaintiff stated that he would not consent to anything. Counsel for the defendant then stated that he would return the case to the judge of the district court, and have the case amended by the insertion of such fact. Afterwards the counsel for the defendant did return the case to the judge of the district court, and such fact was inserted in the case by such judge. Counsel for plaintiff now move to dismiss the case from this court, on the ground that the case has been materially altered since it was first settled and signed by the judge of the district court. There were no other alterations or changes in the case-made than those above mentioned; and the counsel for defendant has filed in this court an affidavit of the judge of the district court stating, among other things, that 'the case-made and filed in the supreme court is the case-made as finally settled by the judge, and all changes made after its first signing were made by him.' "

The motion to dismiss or strike said case from the files of the supreme court was overruled but, in doing so, the judge delivering said opinion also says that "in overruling these motions, however, we do not wish to be understood as deciding anything further than is really necessary to be decided under the circumstances. * * And we do not wish to be understood as deciding that a judge

of the district court at chambers may change or alter a 'case-made' for the supreme court after such 'case-made' has passed away from his jurisdiction or control, or even after it has been filed in the office of the clerk of the district court for the clerk's attestation and authentication."

Counsel for plaintiff in error also claim that the case of *Edwards Bros. v. Porter*, 28 Kan. 700, supports their contention. It is therein held that:

"The defendants in error filed their motion in the supreme court, asking to have the 'case-made' returned to the district court for correction, so 'that on page 58 of the case-made, and at the close of the pretended copy of the journal entry, there be stricken out and erased the words and figures written in pencil, and which are as follows, to-wit: 'February 11, 1882.' On inspection of the case-made, it is found that the words 'February 11, 1882' are wholly immaterial for the purposes of the case. Therefore *held* that the said words may be considered as stricken out, and the motion of the defendants in error will be overruled."

This case may be considered as supporting, in a kind of negative way, the position taken by plaintiff in error, although it is evident that the striking out of matter which has been added to a case-made subsequent to the time it was settled and signed by the trial judge is quite a different thing from amending said case-made by adding thereto any matter which was not contained therein when so settled and signed. Just when the interlineations complained of in the case last cited were made is not disclosed by the decision of the supreme court therein.

By a very able and ingenious argument counsel for plaintiff in error endeavor to show that none of the cases cited (except one) in support of defendant in error's mo-

tion is applicable to the precise question now under consideration. They frankly concede that the case of *Lewis v. Linscott, supra,* decides the question adversely to their contention but claim, and with apparently solid ground therefor, that the cases cited and relied on in said dec'sion do not support the proposition decided. After commenting on and endeavoring to distinguish a large number .of the Kansas cases relating to this question counsel say: "In each and every one of the Kansas cases cited there will be found some peculiar fact or circumstance which makes the ruling of the court right in the particular case, but we doubt if there is a single one of said cases which can fairly be considered as an authority for the doctrine that a case-made can not be amended. By an 'authority' we mean a clear and definite decision upon a question actually before the court for decision. And of course it is well understood that nothing is decided in the ruling of a court except those matters which are actually before the court."

While there is unquestionably enough confusion and apparent contradictions in the Kansas decisions to lend considerable force to counsel's argument, we are clearly of the opinion, after having carefully examined all the cases cited by counsel for both parties and some additional ones, that the settled rule in that state forbids the amendment of a case-made after it has been settled and signed by the trial judge and attested by the clerk of his court.

In *Atchison, T. & S. F. R. Co. v. Anderson,* (Kan.) 49 Pac. 108, it is held, by being made a part of the syllabus, that "when a case-made has been settled, signed and certified by the district judge trying the case and the same at-

tested and filed as a case-made for the supreme court, it has passed beyond his control, and cannot thereafter be amended, altered, or changed by any order he may make," citing approvingly *Lewis v. Linscott, supra.*

In the recent case of *Board of Com'rs v. Citizen's Nat. Bank,* 51 Pac. 55, the Kansas court of appeals, northern department, reviews a number of the former decisions of the supreme court of said state on this question, and concludes that the case-made proper cannot be amended after it has been settled, signed, and attested. In that case it is said: "This case is before the court upon a motion to correct the case-made. It appears that when the case-made was prepared the instructions of the court, as given to the jury, had been mislaid, and could not be found, and a statement to that effect was inserted in the record. We are now presented with the certificate of the judge that the instructions have been found, and a copy thereof has been attached to said certificate; and we are asked to amend the case-made by striking out that part thereof in relation to their being lost and inserting the instructions as certified to have been given. This raises the question as to the right of an appellate court to amend a case-made." Then, after citing several former Kansas cases, it is further said: "This last case seems to be decisive of the question at issue herein, but it seems to be thought by the plaintiff in error that the decisions of our supreme court upon this question have not been uniform or consistent; but this appears only upon a superficial view and not upon a careful consideration of all the decisions.  *  *  From a careful consideration of these cases, it will be seen that the decisions are harmonious and consistent in holding that the case-made,

as signed by the judge, cannot be amended, but, as to
matters and things other than the rulings of the lower
court, or judge thereof, necessary to make the case re-
viewable, they may be generally shown by evidence
*aliunde* the record."

It is true that, in the case last cited and quoted from,
the point decided is that a case-made cannot be amended
in an appellate court, yet the instructions, asked to be
inserted therein by way of amendment, were accom-
panied by a certificate of the trial judge showing their
authenticity and giving the reason why they were not, in
the first place, made a part of said case-made. Under
these facts, can it be argued that this amendment could
have been made had the plaintiff in error, instead of pur-
suing the course he did, obtained leave to withdraw the
case made and then, on notice to the adverse party, ap-
plied to the trial judge therefor? We think not. If the
case-made could have been amended at all, it seems to us
that counsel for plaintiff in error in said last mentioned
case adopted the proper method to have it done. It will
be observed that the reason assigned for refusing the
amendment was not a failure on the part of counsel to
pursue the proper method but that the court had no
power to make it, and this reason was based upon the
same principle which had been declared in so many
former Kansas decisions, to-wit: "that the case-made as
signed by the judge, cannot be amended."

The reason shown in that case for omitting the instruc-
tions from the case-made as first settled and signed was
such as to solicit a favorable consideration of the motion
to amend. In the case at bar no reason at all is shown
for the failure to incorporate the omitted evidence into

the case-made before it was first presented to the trial court for settlement and signing, although counsel were given one hundred and twenty days from the date of final judgment within which to prepare and serve said case-made.

As much as we dislike to pass upon the question of the sufficiency or insufficiency of the evidence to support the judgment upon a consideration of only a portion of the testimony introduced at the trial, when we know that the other testimony so introduced is important, existent, and that same could also have been easily presented to us for consideration, still we feel compelled to do so under the provisions of our code, (secs. 566 and 567,) and the decisions of the supreme court of Kansas construing the same provisions before they were adopted by our legislature as a portion of the laws of this Territory. Furthermore, we are well satisfied that the interpretation given them (relative to the question in controversy) by the appellate courts of the state whence they were adopted, is unquestionably the correct one. (See also upon said question: *City of Ft. Scott v. Deeds*, 36 Kan. 621; 14 Pac. 268; *Chicago Lumber Co. v. Tomlinson*, 54 Kan. 770; 39 Pac. 694; *Snavely v. Abott Buggy Co.*, 12 Pac. 522.)

It is also contended on behalf of plaintiff in error that its constitution and by-laws can be brought into the record of the case in this court upon the suggestion of a diminution of said record, which has been made by counsel and followed, as they claimed, by the necessary and proper proceedings to bring said matter up. The contention upon this proposition is based upon two grounds; first, that the evidence introduced upon the trial of the case is a part of the record of said case and can be prop-

erly preserved and presented to this court by transcript in the same manner that the pleadings and other matters of record can be brought up. As sustaining this ground, counsel rely upon the following portion of general section 1586, Stat. 1893, to-wit: "The short-hand reporter shall file his notes taken in any case with the clerk of the court in which the cause was tried, and the same shall be a part of the record in the cause."

We do not think this provision means that such notes, or a transcript thereof, is to be considered as a part of the record proper, such as the pleadings, judgments, etc., but simply that these notes shall become a part of the files of the clerk's office, in order that they shall be more safely preserved. This view is emphasized by the following portion of said section: "Any long-hand transcript of notes so filed, duly certified by the reporter of the court who took the evidence, as correct, shall be admissible as evidence in all cases of like force and effect, as testimony taken in the cause by deposition, and subject to the same objections; said notes, or a transcript thereof, may be incorporated into any bill of exceptions by unmistakable reference thereto, and may be duly inserted therein." ·

As the only purpose of a bill of exceptions is to bring into the record of a case matters which are not otherwise a part thereof, it is clear that the legislature, by the enactment of the provisions just quoted, never intended to make the evidence in a case a portion of the records thereof. Section 4308, Stat. 1893, states specifically of what such record shall consist, as follows: "The record shall be made up from the petition, the process, return, pleadings subsequent thereto, report, verdict, orders, judgments, and all material acts and proceedings of the

court." And, that the evidence is no part of such record without having been properly made so by bill of .exceptions or case-made. (See *McMechan v. Christie*, 3 Okl. 301; and *City of Kingfisher v. Pratt*, 4 Okl. 284; *U. S. v. C. O. & G. R. Co.*, 3 Okl. 404.)

The second ground upon which said contention is based is that, a copy of its constitution and by-laws having been made an exhibit to the answer of defendant below, this copy became a part of said answer and, therefore, a part of the record of the case, and can properly be brought into the record originally filed in this court by a suggestion of a diminution thereof, followed by the necessary proceedings to bring up any and all portions of said record formerly omitted therefrom. The portion of defendant's answer showing, as it is claimed, that a copy of its constitution and by-laws were made an exhibit thereto, is as follows:

"Defendant admits that on and after June the 30th, 1894, this defendant was duly and legally incorporated under the laws of the Territory of Oklahoma, and as such corporation was authorized to do a life insurance business under the laws of the Territory of Oklahoma, and defendant did on the 15th day of July, 1896, issue to Fred M. Furman a beneficiary certificate in which the said Oleva Furman was named as the beneficiary, but it was expressly agreed and stipulated by the terms of the said beneficiary certificate issued by the defendant to the said Fred M. Furman, that the said Fred M. Furman, or his beneficiary therein named, should only be entitled to benefits and privileges under said beneficiary certificate so long as the said Fred M. Furman should in every particular comply with all the laws, rules and regulations of said order. A copy of said laws, rules and regulations of said order being hereunto attached and marked, 'Exhibit A.'"

In addition to the certificate of the trial judge, and the attestation of the clerk of his court to the original case-made, there is attached thereto the following certificate of said clerk:

"Territory of Oklahoma, Payne County, ss:

"I, Louis E. Pitts, clerk of the district court of the Territory of Oklahoma, in and for the county of Payne, hereby certify that the foregoing and attached case-made contains a true and correct statement of all the pleadings, motions, findings of the court, rulings of the court, exceptions saved and proceedings had and done in said cause, including all exhibits attached to the pleadings of the parties in said cause.

"In testimony whereof, I have hereunto attached my hand and affixed the seal of said court at Stillwater, O. T., this 18th day of October, 1897.

[SEAL.]                    "LOUIS E. PITTS, *Clerk*,
                           "By W. E. NORMAN, *Deputy*."

Waiving all question as to the sufficiency of the foregoing allegation to show that said constitution and by-laws were attached to and made a part of defendant's answer, we think the clerk's certificate to this case-made sufficient to present to this court all matters arising upon the records of the cause; (*County Com'rs v. Harvey*, 5 Okl. 468;) that said exhibit is a part of the record proper; (2 Enc. Plead. & Pr. 264, and cases cited in note 5,) and that it can be brought up by a proceeding in the nature of *certiorari* (Civil Code, sec. 582; Addenda to Ok. Stat. 1893, sec. 1; 2 Enc., Plead. & Pr. 307.)   Its constitution and by-laws being thus brought into the record as a part of plaintiff in error's answer in the court below, counsel insist that the judgment should be reversed for the following reasons, to-wit: (1) That said constitution and by-laws became a part of the contract of insurance and, be-

fore anything contained therein could be put in issue, it was incumbent upon the plaintiff below, in his reply, to deny the allegations of said answer under oath. (2) That plaintiff's reply was not verified and defendants were, therefore, entitled to judgment on the pleadings. This position is based upon the following provision of sec. 3986, Stat. 1893, to-wit:

. "In all actions, allegations of the execution of written instruments and indorsements thereon, * * shall be taken as true unless the denial of the same is verified by the affidavit of the party, his agent or attorney."

This section does not provide that every written instrument set out in a pleading must be denied under oath, but simply that the execution of such instrument must be denied or the execution thereof will be admitted. Again, no motion or request for judgment on the pleadings was ever made by defendant in the court below, but the case proceeded to trial in all respects as if properly at issue, and, under such circumstances, the objection now urged, even if there were any merit therein, has been waived. By what we have said in disposing of the last preceding proposition, we do not wish to be understood as holding that, had plaintiff's reply been insufficient to put in issue the allegations hereinbefore quoted of defendant's said answer and this question properly saved and presented, then plaintiff would not be authorized to recover in this action; for, upon this question, we express no opinion whatever.

This brings us to a consideration of the case upon its merits as presented by the original case-made, and the only other proposition urged as a ground for reversal is that the evidence and findings of fact made by the court thereon, do not support the judgment. While the trial

judge made what purports to be a number of special findings of fact separate from the judgment rendered, yet, so far as appears from the record, they were made without being requested by either party and must therefore be considered as only a general finding. (*U. S. v. C. O. & G. R. R. Co.* 3 Okl. 404.) A brief statement of so much of the evidence as is necessary to be considered in determining this remaining proposition is as follows: On June 3, 1896, Fred M. Furman, formerly the husband of plaintiff, presented his application, of date May 20, 1896, to become a member of the subordinate lodge of defendant corporation located at Perkins, Payne county, O. T., he having taken the medical examination required on the 21st day of May, 1896, which was approved by the grand medical examiner, on May 23, 1896. Thereafter, and on said June 3, his application was accepted by said subordinate lodge, and on June 10, 1896, he took the Junior Workman degree therein, at which time he paid into the treasury thereof the sum of $1. On June 24, 1896, he took the Workman degree in said lodge and paid thereto the sum of $2, $1 of which was to be used in payment for the beneficiary certificate and $1 as an advance assessment upon his policy. The application made by the said Fred M. Furman contains, among others, the following conditions:

"I, Fred M. Furman, having made application for the Workman degree, in Perkins Lodge No. 14, Ancient Order of United Workman, Territory of Oklahoma, do hereby agree that compliance on my part with all the laws, regulations and requirements which are or may be enacted by said order, is the express condition upon which I am to be entitled to have and enjoy all the rights, benefits and privileges of said order. * * I further agree

that the beneficiary certificate to be issued hereon, shall have no binding force whatever until I shall have taken the Workman degree of said order, and until my medical examination has been approved by the supreme, or grand medical examiner, as the case may be." ·

The plaintiff herein, Oleva Furman, is named in said application as beneficiary. On July 15, 1896, certificate of membership No. 1437, was issued by defendant to said Fred M. Furman, which reads in part as follows:

"This certificate issued by the authority of the Grand Lodge of Oklahoma Territory,

"Witnesseth, That Brother Fred M. Furman, a Workman degree member of Perkins Lodge No. 14 of said order, located at Perkins, in the Territory of Oklahoma, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order to the amount of two thousand dollars, which sum shall at his death be paid to Oleva Furman, his wife, by said Grand Lodge.

"This certificate is issued on the express condition that the said Fred M. Furman shall in every particular, while a member of said order, comply with all the laws, rules and regulations thereof."

On July 29, 1896, the said Fred M. Furman was marked suspended on the books of said local lodge by Nathan Razey, the recorder and financier thereof, and on August 12th thereafter, at a meeting of said local lodge, the following entry was made upon the minutes of its proceedings, to-wit: "F. M. Furman was reported suspended for non-payment of July assessment." Thereafter, and on August 22, 1896, the said Fred M. Furman died.

As before stated, the transcript of the portion of the evidence contained in the original case-made shows affirmatively that the constitution and by-laws of defendant below were also introduced in evidence. They are

not before us for consideration and without them we cannot say that the entire evidence in the case is insufficient to support the finding and judgment of the trial court. Whether or not they, in connection with the other testimony, would show this fact, we do not and cannot now determine. It is probably true that the portion of the evidence properly before us shows Fred M. Furman, the holder of the certificate of insurance, to have been suspended by the local lodge for non-payment of the July, 1896, assessment, but, in the absence of said constitution and by-laws, how are we to determine that this suspension was rightful, when the conditions of both his application for and certificate of membership only require that, after having taken the Workman Degree of said order, he "comply with all the laws, rules and regulations" thereof? It is argued that the law presumes there was sufficient cause for this suspension, but, conceding the existence of this presumption, how are we to know, without consulting said constitution and by-laws, that such suspension, if rightful, works an annulment of the said certificate of insurance? Such annulment can not be established by presumption, but only upon clear and convincing proof of that fact.

"It is an elementary principle that forfeitures are not favored in the law, and in order to work a forfeiture of the rights of membership in a mutual association it must clearly appear that such was the meaning of the contract; and the facts upon which a forfeiture is claimed must be proved by the most satisfactory evidence." (3 Am. & Eng. Enc. Law, 2 Ed. 1086; *Elliott v. Grand Lodge A. O. U. W.*, 2 Kan. App. 430; 42 Pac. 1009; *Northey v. Banker's Life Ass'n*, 110 Cal. 547  42 Pac. 1079; Bacon's Benefit Societies, etc., sec. 178.)

Furthermore, the issuance of the certificate of member-ship to the said Fred M. Furman on July 15, 1896, was evidence of his good standing in the lodge at that time, and such good standing will be presumed to continue un-til overcome by evidence to the contrary on behalf of de-fendant. See *Kumle v. Grand Lodge, A. O. U. W.*, (Cal.) 42 Pac. 634, wherein it is held: "The issuing of a certificate of membership by a mutual benefit society is evidence of the holder's good standing in the order when it issued, and such good standing will be presumed to continue, unless there is legitimate proof that it no longer exists; and, to rebut such presumption, it devolves upon the de-fendant, in the absence of proof thereof by plaintiff, to show the loss of such good standing."

In the absence of a stipulation in the contract of insur-ance so providing, the non-payment of an assessment will not effect a forfeiture. (Bacon's Benefit Societies, etc. sec. 352.)

The articles of association, or charter, that is, the con-stitution and by-laws of defendant, constitute a part of the contract between the order and its members. (Ibid, sec. 91.) Therefore, in the absence of said constitution and by-laws from the record, there are no legal principles applicable to this case which will enable us to say that the policy of insurance sued on herein had been forfeited prior to the death of the said Fred M. Furman.

It cannot be successfully contended that, inasmuch as an alleged copy of said constitution and by-laws are a part of defendant's answer and therefore a part of the record, we should presume that the ones introduced in evidence are the same as said copy. There is nothing in the transcript of testimony contained in the case-made

tending to show any similarity between the constitution and by-laws introduced in evidence and the copy above mentioned, and, as before stated, all the new matter in defendant's said answer is denied by plaintiff's reply.

All reasonable presumptions should be indulged in favor of the correctness of the judgments of courts of general jurisdiction, and such a judgment will rarely, if ever, be reversed because not supported by sufficient evidence when all the evidence in the case is not presented to the appellate tribunal.

"Error is never presumed; it must always be shown; and if it is not affirmatively shown it will be presumed that no error has been committed.

"Where the record brought to the circuit court does not purport to contain all the evidence introduced on the trial in the court below, the supreme court cannot tell whether the findings and judgment of the court below are sustained by sufficient evidence or not." (*Bartlett v. Feeney, supra; Wilson v. Janes, supra; Hill v. First Nat. Bank*, 42 Kan. 364; 22 Pac. 324; *Mulhall v. Mulhall*, 3 Okl. 304; *Berry v. Smith*, 2 Okl. 345; *Newcomer v. Barner*, [Kan.] 48 Pac. 566; *Fowler v. Fowler*, [Or.] Ibid, 692; *Hardwick v. Rutter*, [Kan.] 49 Pac. 98; *Missouri P. R. Co. v. Hartman*, [Kan.] Ibid. 109.)

In *Hardwick v. Rutter, supra*, it is held that "when certain exhibits which were introduced in evidence are not contained in the record, we cannot say that the evidence is not sufficient to sustain the verdict."

For the reasons hereinbefore assigned, the judgment of the court below is affirmed, with costs.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.