THE STATE OF KANSAS, *Appellee,* v. FOREST NELSON, *Appellant.*

No. 17,109.

GAMBLING—*Information—Immaterial Error.* On a prosecution for gambling the information was technically defective, but was not misleading, and the overruling of objections to it was not material error.

Appeal from Finney district court. Opinion filed November 5, 1910. Affirmed.

*W. R. Hopkins,* and *B. F. Stocks,* for the appellant.

*Fred S. Jackson,* attorney-general, and *Edgar Roberts,* county attorney, for the appellee.

*Per Curiam:* Nelson was arrested and tried in the district court of Finney county on an information the charging part of which is as follows:

"That on the 5th day of September, 1909, in the county of Finney and state of Kansas, said defendant, Forest Nelson, then and there being, did then and there unlawfully, feloniously keep and maintain, in a certain wooden building known as an amphitheater or grand stand, situated on what is commonly known as the fair grounds in the aforesaid county and state, to which divers persons whose names to your informant are unknown, were accustomed to resort for the purpose of gambling, by playing certain games of chance therein, commonly called 'craps,' played with dice, for money and property; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

He attacked the information by motion to quash, on the ground that it did not state facts sufficient to constitute a public offense because the information was so indefinite and uncertain that the defendant was not apprised of what charge was attempted to be alleged

against him, and that the information was bad for duplicity. He moved for a new trial on substantially the same grounds.

It seems apparent, however, that the particular defect now urged, namely, that the information does not charge the keeping of a place or room, was not called to the attention of the court, as the omission is so glaring that the court would have sustained the motion or ordered the information to be amended.

A trial was had and evidence was introduced on the part of the state sufficient to justify the jury in finding that the defendant kept a place where divers persons were accustomed to resort for the purpose of gambling at dice, and the defendant introduced evidence tending to show the contrary. It is therefore evident that the defendant knew in fact what he was being tried for and what was intended to be charged in the information.

Technically, the objection made to the information was good and should have been sustained, but a fair trial was had thereafter and it was evidently not misleading.

In *The State v. Everett*, 62 Kan. 275, which was a prosecution for a felony, where the information was attacked for the reason that it did not charge a public offense, and the defendant's counsel declined on request to designate in what respect it was deficient and replied that the information spoke for itself, it was held that the judgment of the court would not here be reversed, although there was in fact a technical defect in the information which would have been apparent to the court had attention been called to it. In that case (p. 277) the language of the court in *Ambrose v. Parrott*, 28 Kan. 693, is quoted as applicable, although the latter case was a civil action. It reads:

"If, however, the various causes of action set forth in the plaintiff's petition were so manifestly obvious

that the court must have readily taken notice of them by a bare inspection of the petition and without any specific designation of them in the defendant's motion, then they were necessarily so manifestly obvious that the defendants themselves should also have taken notice of them, and would not have experienced any considerable inconvenience in pointing them out in their motion." (28 Kan. 700.)

This is the only assignment of error in the trial which seems to merit comment, and as the case was fully tried and defended as if the information charged the offense for which conviction was had, we do not deem it proper to reverse the just judgment of the court for a technical defect.

The crime intended to be charged is perfectly apparent, and the omitted words—"a place"—are necessarily implied from the context. No other words are suggested to the mind of the reader. That both the state and the defendant in effect supplied these words after the word "state" and preceding the word "to" in line seven as above copied is demonstrated by the evidence, as before said. The evidence to sustain the charge is ample. The judgment is affirmed.